UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRENNEN V.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No.  1:25-cv-00213

Hon.  Maarten Vermaat
U.S. Magistrate Judge

## OPINION

This opinion addresses Plaintiff's appeal of Administrative Law Judge (ALJ) Tjapkes's decision denying Plaintiff's request for Disability Insurance Benefits (DIB) and Supplement Security Income (SSI).  This appeal is brought pursuant to 42 U.S.C. § 405(g).

The record before the Court demonstrates that Plaintiff suffers from a number of severe medically determinable impairments, including depression and anxiety, attention deficit, and substance abuse.  Plaintiff asserts that the ALJ failed to properly consider the opinions of the medical providers by relying on the check box forms used by the consultative examiners and by rejecting the reasoned and supported opinions of Plaintiff's treating doctors.  Further, Plaintiff argues that the ALJ improperly relied upon Plaintiff's activities of daily living to deny his claim for benefits.  The Commissioner asserts that the ALJ properly considered the medical source opinions as required by the regulations and properly considered Plaintiff's activities of daily living.

1

For the reasons stated below, the undersigned affirms the ALJ's decision.

I. **Procedural History**

A. **Key Dates**

The ALJ's decision notes that Plaintiff applied for DIB and SSI on October 16, 2022, alleging an onset date of March 31, 2022. ECF No. 6-2, PageID.25. Plaintiff's claim was initially denied by the Social Security Administration (SSA) on May 4, 2023. *Id*. The claim was denied on reconsideration on August 8, 2023. *Id*. Plaintiff then requested a hearing before an ALJ. ALJ Tjapkes conducted a hearing on Plaintiff's claim on February 7, 2024, and issued his decision on April 1, 2024. *Id*. Plaintiff timely filed this lawsuit on February 21, 2025. ECF No. 1.

B. **Summary of ALJ's Decision**

The ALJ's decision correctly outlined the five-step sequential process for determining whether an individual is disabled. (ECF No. 6-2, PageID.26-27.) Before stating his findings at each step, the ALJ concluded that Plaintiff's Date Last Insured (DLI) was September 30, 2026. *Id*., PageID.27.

At Step One, the ALJ found that Plaintiff had not engaged in Substantial Gainful Activity (SGA) from March 31, 2022. *Id*.

At Step Two, the ALJ found that the Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, attention-deficit hyperactivity disorder, and polysubstance abuse disorder. *Id*. In portions of his decision, the ALJ discussed Plaintiff's gastroesophageal reflux disease as a non-severe impairment. *Id*., PageID.28. The ALJ also discussed the Paragraph B

criteria, finding moderate limitations in understanding, remembering or applying information; interaction with others; persisting or maintaining pace; and adapting or managing himself. *Id.*, PageID.28-29. The ALJ found that Plaintiff's anxiety and depression, and attention-deficit hyperactivity disorders were well controlled. *Id.*, PageID.29.

At Step Three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one or more of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*, PageID.28. The ALJ specifically commented on the impairments listed in 12.04 (depressive and bipolar disorders), 12.06 (anxiety and obsessive compulsive disorders), and 12.11 (neurodevelopmental disorders).

Before going on to Step Four, the ALJ found that the Plaintiff had the following RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: he is able to understand, remember, and carry out simple instructions and tasks; have occasional interaction with co-workers, supervisors, and the public; there can be no production-rate work (such as on an assembly line); and there can be occasional changes in the workplace setting.

*Id.*, PageID.30.

The ALJ devoted five pages to discussing Plaintiff's RFC. This discussion included the following:

- a summary of the regulations regarding how the ALJ will address Plaintiff's symptoms, *id.*, PageID.30,

- a summary of Plaintiff's statements, *id.*, PageID.30-32,

3

- a summary of the medical records relating to his mental impairments and polysubstance abuse, *id.*, PageID.31-32,

- a summary of opinions by Edward Czarneki, Ph.D., Dyan Hampton-Aytch, Ph.D, Wayne Silver, MA, LLP, and Dana Cochrane-Hockstra, PA-C, id., PageID.33.

- reference to the opinions of Michael Hayes, Ph.D., and Davide Cashbaugh, Jr., LLP, who performed a consultative exam but not a function-by-function analysis, *id.*, and

- an explanation of how the ALJ arrived at his decision on the Plaintiff's RFC, *id.*

At Step Four, the ALJ determined that Plaintiff was unable to perform past relevant work as a cashier and stocker. *Id.*, PageID.34.

At Step Five, the ALJ considered the Plaintiff's age, education, work experience and RFC and concluded that he could perform jobs in the national economy such as a cleaner, packager, and kitchen helper. *Id.*, PageID.35.

## II. Standard of Review

Review of an ALJ's decision is limited to two issues: (1) "whether the ALJ applied the correct legal standards," and (2) "whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); 42 U.S.C. § 405(g). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and whatever evidence in the record fairly detracts from its weight. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984) (citations omitted). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords the administrative decision maker considerable latitude and acknowledges that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

### III.    Analysis

Plaintiff argues that the ALJ erred by finding that the opinions of his treating providers, psychologist Wayne Silver and PA-C Dana Cochrane-Hockstra, were not persuasive. Plaintiff's treating providers opined that he was unable to maintain attention and concentration, deal with work stress, and would be absent about four

days per month. ECF No. 6-13; ECF No. 6-2, PageID.33. Further, Plaintiff argues that the ALJ should not have concluded that the opinions of consultative examiners psychologists Dr. Edward Czarnecki, and Dr. Dyan Hampton-Aytch, were generally persuasive. The consultative examiners opined that Plaintiff was able to complete simple, routine, and repetitive tasks and work in a low stress environment. ECF No. 6-3; ECF No. 6-2, PageID.33.

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5) and 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors but the ALJ is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3) and 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

    support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

    (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2) and 416.920c(c)(1)–2.

As to Plaintiff's providers from Harbor Towne Health, psychologist Silver and PA-C Cochrane-Hockstra, the ALJ found that the stated limitations were inconsistent with the findings in the record. The ALJ pointed to examinations that showed that Plaintiff had intact memory, attention, and concentration. ECF No. 6-2, PageID.34.

> Based on the foregoing, I find the claimant has the above residual functional capacity assessment, which is supported by the evidence. With treatment, a provider noted that the claimant's anxiety and depression were controlled (2F/9). His attention-deficit hyperactivity disorder was also considered controlled with medication (2F/10). As far as the exam findings, at most exams the claimant was cooperative, had intact memory, and intact attention and concentration (3F/13, 21, 4F/5, 6F/160, 293). As far as the reported activities, the claimant reported that he can prepare simple foods, such as sandwiches and canned soup (4E/4). He is able to perform some household tasks, such as laundry and yard work (4E/4). The claimant can pay bills, count change, and shop for household items (4E/5). As far as his substance abuse, it would not be material to the determination, as the claimant worked in the past while still using substances and he testified that using or not using substances does not change his status (Hearing Testimony). Therefore, no additional limitations are supported.

*Id*.

Here, the ALJ did not completely discredit Plaintiff's claims of having difficulty with memory and concentration or with reasoning and judgment. In finding that the consultative examiners' opinions were generally persuasive, the ALJ credited

7

Plaintiff's difficulties with memory and concentration and impaired abstract reasoning. Due to these difficulties, the ALJ limited Plaintiff to simple tasks, and occasional interaction with others. Moreover, to account for stress in the workplace, the ALJ limited Plaintiff to no production-rate work and occasional changes in workplace setting. ECF No. 6-2, PageID.33.

The ALJ properly addressed the factors of supportability and consistency and met the articulation requirements of the regulation. "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). The ALJ determined that mental health providers Silver and Cochrane-Hockstra's opinions were not supported by their own treatment records and were inconsistent with their treatment and examinations of Plaintiff. The ALJ noted that during a January 3, 2024, examination, Dr. Silver noted that Plaintiff was cooperative, with normal behavior and thought content, and that he exhibited intact memory, attention, insight and judgment. ECF No. 6-12, PageID.802. Similarly, during an earlier July 20, 2022, examination, PA-C Cochran-Hockstra made similar findings, but noted poor insight, and impaired judgment. ECF No. 6-11, PageID.668. Therefore, the ALJ properly considered the regulations and articulated his reasoning for determining the persuasiveness of each of the provider's opinions.

Further, the ALJ found persuasive Dr. Czarnecki and Dr. Dyan Hampton-Aytch's opinions that Plaintiff could perform work involving simple and routine repetitive tasks, in a low stress environment involving only simple decision making, and infrequent changes to routine. ECF No. 6-2, PageID.33. Plaintiff argues that the consultative opinions were based upon check box forms without specific citation to medical evidence. An ALJ is not bound by conclusory statements of doctors, particularly where they appear on "check-box forms" without explanations citing detailed objective criteria and documentation. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 465, 474-475 (6th Cir. 2016). "Form reports in which a doctor's obligation is only to check a box, without explanations of the doctor's medical conclusions are weak evidence at best." *Smith v. Comm'r of Soc. Sec.*, No. 13-cv-12759, 2015 WL 899207, at * 14 (E.D. Mich. Mar. 3, 2015); *see also Ashley v. Comm'r of Soc. Sec.*, No. 1:12-cv-1287, 2014 WL 1052357, at * 8 n.6 (W.D. Mich. Mar. 19, 2014) ("Courts have increasingly questioned the evidentiary value of 'multiple choice' or 'check-off' opinion forms by treating physicians[.]"). The consultative examiners did not simply fill out check box forms. Their opinions were set forth in the Disability Determination Explanation documents used by SSA to evaluate mental RFC and the ability to work. ECF No. 6-3. The consultative doctors provided reasoning for their opinions, which were supported by the medical record. *Id.* The ALJ properly considered the consultative doctor's opinions in accordance with the regulations.

Plaintiff argues that the ALJ improperly relied upon Plaintiff's daily activities to conclude that he could work. In addition to finding that Plaintiff could prepare

9

simple foods, perform household tasks, pay bills, and shop, the ALJ stated that with treatment, Plaintiff was more interested in video games and computers, and enjoyed bowling. ECF No. 6-2, PageID.33. It was not improper for the ALJ to consider Plaintiff's daily activities. *Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1005-06 (6th Cir. 2025) (ALJ's reliance on sporadic activities are only problematic if the ALJ relies too heavily on those activities to determine that Plaintiff's mental impairments are not severe). First, the regulations provide that an ALJ should consider daily activities when evaluating a Plaintiff's symptoms. 20 C.F.R. § 404.1529(c)(3)(i). Second, in considering RFC, the ALJ may consider *all* relevant evidence on record, including an individual's medical history, reports of daily activity, and recorded observations. SSR 96-8p. The ALJ considered Plaintiff's daily activities and his medical examinations in determining the appropriate RFC. The ALJ did not err.

## IV.   Conclusion

Accordingly, the Court affirms the decision of the Commissioner because the ALJ did not commit legal errors and substantial evidence exists to support the ALJ's decision.

Dated:   January 30, 2026                                          /s/ *Maarten Vermaat*
                                                                   MAARTEN VERMAAT
                                                                   U.S. MAGISTRATE JUDGE